## BEALS *v.* ILLINOIS, MISSOURI AND TEXAS RAIL-ROAD COMPANY

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 111. Argued January 16, 17, 1890. — Decided February 3, 1890.

A decree in equity, cancelling bonds of one railroad corporation and a mortgage by a second railroad corporation of its property to secure their payment, upon a bill filed by the latter against the former and the trustee under the mortgage, binds all the bondholders, unless obtained by fraud. And a bill afterwards filed by bondholders not personally made parties to that suit against those two corporations and a third railroad corporation alleged to claim a right in the property, by purchase or otherwise, prior to the lien of the bondholders, charging fraud and collusion in obtaining that decree, cannot be maintained without proof of the charges, if the second and third corporations, by pleas and answers under oath, fully and explicitly deny them, and aver that the third corporation had since purchased the property in good faith and without knowledge or notice of any fraud or irregularity in obtaining the decree.

THIS was a suit in equity by Beals, a citizen of New York, against the Illinois, Missouri and Texas Railway Company, the Cape Girardeau and State Line Railroad, and the Cape Girardeau Southwestern Railway Company, all three corporations of Missouri; and Thilenius and Blow, trustees of the Cape Girardeau and State Line Railroad, and Fletcher, all three citizens of Missouri.

The amended bill (which was the only one copied in the transcript of the record) alleged that in April, 1871, the Cape Girardeau and State Line Railroad, pursuant to a contract with Fletcher, executed a deed conveying all its property and franchises in its road, as then existing or afterwards to be constructed, from the shore of the Mississippi River in the city of Cape Girardeau in the State of Missouri to the boundary line between the States of Missouri and Arkansas, to Thilenius and Blow in trust, and directing them as trustees and Thilenius, the president of that company, to join with the Illinois, Missouri and Texas Railway Company (which had

been organized under the general laws of Missouri for the purpose of completing the road) in the execution of a mortgage of all the said property and franchises to secure the payment of bonds issued by the last named company; that in May, 1871, such a mortgage, afterwards duly recorded, was executed by those two companies and by Thilenius and Blow, trustees as aforesaid, to Winston and Hoadley in trust to secure the payment of 1500 bonds of $1000 each of the company last named, which were afterwards issued; that the plaintiff was the *bona fide* owner and holder for value of sixty-eight of those bonds; that by default in payment of interest on these bonds there had been a breach of condition of the mortgage; that most or all of the rest of such bonds had come into the possession of the defendants, or of one or more of them, and thereby the defendants had controlled the action of Winston, the surviving trustee named in the mortgage, to the prejudice of the plaintiff; that Winston was now dead and no other trustee had been appointed; that the Cape Girardeau Southwestern Railway Company for several years had had the sole use and possession of the property and franchises, and claimed a right therein, by purchase or otherwise, prior to the plaintiff's lien; that a systematic, fraudulent and continuous effort had been made by the defendants, or some of them, to prevent the collection of interest or principal on the plaintiff's bonds; that the judgment set up in bar in the defendant's plea to the bill of complaint in this suit, and alleged to have been obtained on or about March 30, 1876, in the Circuit Court of Cape Girardeau County, Missouri, by the Cape Girardeau and State Line Railroad, one of the defendants in this cause, was obtained by the said defendants in fraud against the bondholders, in that Winston was served and appeared in person only and not as trustee, and allowed the judgment to be entered by default, without notice to the bondholders, and by collusion with Houck, then attorney for the petitioners and now president of the Cape Girardeau Southwestern Railway Company, both Winston and Houck knowing that the allegations of the petition were false and fictitious, and intending to defraud the bondholders; and that the plaintiff

was not a party to the action and had no knowledge of it until his counsel examined the record on August 22, 1884.

The bill prayed for answers under oath, an injunction and a decree declaring the mortgage and the plaintiff's bonds to be valid, and applying the mortgaged property to the payment of the bonds, and for further relief.

To the amended bill the three defendant corporations severally filed pleas, and two of them filed answers under oath in support of their pleas.

The plea of the Cape Girardeau and State Line Railroad specifically denied all the allegations of the bill as to fraud and collusion; and alleged that on March 30, 1876, it brought an action in the Circuit Court of Cape Girardeau County, being a court of general jurisdiction and possessed of full chancery powers, (the principal office and place of business of that corporation, as well as the largest part of the real estate to be affected by that action, being in that county,) alleging that the conveyance and the mortgage made in its name were without authority and in fraud of its stockholders; that the property conveyed to Thilenius and Blow was reconveyed by them to the plaintiff in December, 1871, and before the mortgage was recorded; and that the bonds of the Illinois, Missouri and Texas Railway Company, pretended to be secured by the mortgage, were issued after that time, and were held by the defendants, but not as purchasers for value; and praying that the conveyance and mortgage, as well as the bonds, might be cancelled and declared void; that in that action said railway company, Winston, as sole surviving trustee under the mortgage, and a large number of corporations and individuals claiming to be holders of bonds secured by the mortgage, as well as all other persons whose names were unknown, but who might claim to be holders of such bonds, were made defendants; that said railway company, Winston, as surviving trustee, and various other defendants claiming to be holders of bonds, were actually served with process, and all nonresident bondholders who could be named, together with all unknown bondholders, were duly served by publication; that said railway company and Winston, as surviving trustee, as well as

many bondholders, appeared and pleaded, putting in issue the allegations of the petition; that on January 25, 1878, the court entered a decree (a certified copy of which was set forth in the plea) establishing the allegations and granting the prayer of the petition, which was the same decree described in the amended bill as a judgment entered March 30, 1876; and that that decree was obtained on due and legal service of process, and after appearance of the defendants and hearing of proofs, and without any fraud, covin or concealment of any kind, or any collusion, agreement or understanding between Winston and the plaintiff's attorney, and had never been appealed from, but remained in full force. Wherefore the Cape Girardeau and State Line Railroad pleaded that decree in bar. The plea was supported by an answer under oath, denying generally and specifically all fraud charged in the amended bill.

The Cape Girardeau Southwestern Railway Company, by plea, and answer under oath in support thereof, set up the same defence; and also, by permission of the court, the further defence that in August, 1880, the Cape Girardeau and State Line Railroad, claiming to be the owner and being in full possession of the property, conveyed it for valuable consideration to Houck by deed duly recorded; that Houck took the deed in good faith and without any knowledge or notice of any right of the plaintiff or any other bondholder, or of any incumbrance on the property, or defect in the decree; that afterwards the Cape Girardeau Southwestern Railway Company was incorporated and organized under the General Statutes of Missouri on August 10, 1880, and took from Houck a conveyance of the property for valuable consideration, in good faith, and without any knowledge or notice of any fraud or irregularity in obtaining the decree, and afterwards proceeded to construct the railroad.

The plea of the Illinois, Missouri and Texas Railway Company set up the decree of January 25, 1878, by which it was enjoined from making any claim to the property; and alleged that it had not since claimed any right in or exercised any control over the property, or received any income therefrom.

The plaintiff filed a general replication to "the answers" of

the three corporations. The Cape Girardeau and State Line Railroad and the Cape Girardeau Southwestern Railway Company moved the court for "judgment on the pleas and replication in this cause, for the reason that the plaintiff has not taken issue on the said pleas, nor is the alleged replication thereto any reply in law."

No separate ruling or order was made upon this motion. Nor were any proofs taken in the case. But the case was afterwards submitted and argued "upon the bill, pleas, answers and replication," and thereupon the court, being of opinion that the equities were with the defendants, dismissed the bill. 27 Fed. Rep. 721. The plaintiff appealed to this court.

*Mr. A. G. Vanderpoel* (with whom was *Mr. Henry W. Dennison* on the brief) for appellant.

*Mr. George D. Reynolds* for appellees.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The irregular form in which the plaintiff's case is presented need not be dwelt upon, because, in any possible aspect of the controversy between the parties, the result is not doubtful.

The former judgment, upon which the plaintiff anticipated that the defendants would rely, is not described in the amended bill otherwise than by reference to a plea to the original bill, neither of which is made part of the record transmitted to this court. But the pleas to the amended bill clearly identify the judgment drawn in issue.

The plaintiff's replication is, in terms, only to "the answers" of the three defendant corporations, and not to their pleas, although each of them had filed a plea, and the only answers in the cause were those filed by two of them in support of their pleas. But it is immaterial to consider whether the effect of the submission of the case to the court "upon the bill, pleas, answers and replication," after the defendants had moved for judgment for insufficiency of the replication, was, so far as the

pleas were concerned, to set down the case for hearing upon the bill and pleas, or to treat the replication as taking issue on the pleas as well as on the answers. In the one view, the facts relied on by the defendants were conclusively admitted to be true; in the other view, so far as they were responsive to the allegations of the bill, they were conclusively proved by the answers under oath, which the plaintiff introduced no evidence to control. Mitford Pl. (4th ed.) 301, 302; Rules 33 and 38 in Equity; *Farley* v. *Kittson*, 120 U. S. 303, 315; *Vigel* v. *Hopp*, 104 U. S. 441.

Upon the facts thus established, no ground is shown for maintaining the bill. The former judgment was rendered by a court of competent jurisdiction, to which not only the railroad company that issued the bonds, but the surviving trustee under the mortgage made in the name of another company to secure the payment of those bonds, were made parties. The bondholders were thus fully represented in that suit, and bound by the decree cancelling and annulling the bonds and mortgage, unless the decree was fraudulently obtained. *Kerrison* v. *Stewart*, 93 U. S. 155; *Shaw* v. *Railroad Co.*, 100 U. S. 605; *Richter* v. *Jerome*, 123 U. S. 233; *Knox County* v. *Harshman*, *ante*, 152. The bill alleges that that decree was obtained by fraud, and by collusion between the trustee and second company and Houck its attorney, and that the third company claimed a right in the property, by purchase or otherwise, prior to the plaintiff's supposed lien. The pleas and answers under oath of both these companies fully and explicitly deny the fraud and collusion charged; and those of the third company further aver that after the decree the property was conveyed by the second company to Houck and by him to the third company; and that both Houck and the third company purchased the property in good faith, for valuable consideration, and without knowledge or notice of any fraud or irregularity in obtaining the decree.

These averments being directly responsive to the allegations of the bill, and therefore conclusive in favor of the defendants' title to the property and against the plaintiff's claim, it is unnecessary to consider other grounds taken in argument.

*Decree affirmed.*