### SMITH v. THOMPSON et al.

#### (Circuit Court, D. Connecticut. March 28, 1910.)

#### No. 1,313.

PATENTS (§ 114*)—SUIT IN EQUITY TO OBTAIN PATENT—RIGHT TO MAINTAIN—EFFECT OF ASSIGNMENT.

Where an applicant for a patent has made an absolute assignment of his rights in the invention, the right to bring a suit in equity to obtain issuance of the patent under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), is vested in the assignee.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 166, Dec. Dig. § 114.*]

In Equity. Suit by Lester C. Smith against Hugh L. Thompson and the Coe Brass Manufacturing Company. On demurrer to bill. Demurrer sustained.

Walter E. Ward, for complainant.
John P. Croasdale and Howard S. Okie, for defendants.

PLATT, District Judge. Here is the gist of the bill demurred to:
Prior to March 1, 1901, complainant had valuable property rights in an invention relating to improvement in wire drawing machines. On July 6, 1903, he had perfected his invention and made application for letters patent thereon. On March 11, 1904, defendant Thompson filed an application which included the same invention, and thereupon interference proceedings were instituted between the parties, upon which the examiner decided in favor of complainant. An appeal to the examiner in chief resulted in a decision for Thompson. An appeal to the Commissioner resulted in a decision for complainant. An appeal to the Court of Appeals of the District of Columbia resulted in favor of Thompson. Certain claims not in interference are still being prosecuted in the Patent Office by the Coe Brass Manufacturing Company, assignee.

While the interference was pending, after the Commissioner had awarded priority to the complainant, and before the decision by the Court of Appeals, the complainant made a contract with the Coe Brass Manufacturing Company, in which it was agreed that in consideration of an absolute assignment, made that day, by the complainant, of all his rights in the invention to the Coe Brass Manufacturing Company, the latter would pay him $2,500; that complainant would carry to a final determination his interference proceedings with Thompson, and

if he succeeded the Coe Brass Manufacturing Company would pay
him $2,500 more; that after final determination of the interference
proceedings with Thompson the Coe Brass Manufacturing Company
would perfect the invention just sold to it by Smith, making no material change in the claims without the consent of Smith's attorney;
that after the Coe Brass Manufacturing Company had perfected the
invention and obtained the patent therefor it would issue to Smith,
the complainant, an exclusive license under the patent.

The bill then goes on to show that the complainant assigned his
rights under the application for letters patent in accordance with the
contract, and that the Coe Brass Manufacturing Company paid him
$2,500, as provided for therein, but has not paid the further sum of
$2,500 referred to therein; that the application is still pending in the
Patent Office, but that the Coe Brass Manufacturing Company will
not tell complainant anything about it; that he has asked the Coe
Brass Manufacturing Company to join him in this suit, but that they
refuse; that the Commissioner of Patents will soon issue a patent
to Thompson, based on the interference claims; that complainant
was the first inventor of the invention involved in interference, and is
in law and equity entitled to letters patent therefor as assignor of the
Coe Brass Manufacturing Company; that said Thompson will probably soon get his patent therefor.

Upon this showing he wishes the court to decree: That the complainant is entitled to receive a patent for his invention upon the
claims specified in the interference, and upon the other claims not in
that dispute, so that the patent may issue to complainant as assignor,
and to the Coe Brass Manufacturing Company as assignee, and that
the Commissioner of Patents be enjoined from issuing a patent to
defendant Thompson as the result of the latter's successful interference; also to decree that Thompson be enjoined from receiving the
patent, and from making use of it to complainant's disadvantage.

The argument of the complainant in behalf of the bill is simply this:
That he is the equitable owner of the right to secure a patent for his
invention, that all parties in interest are before the court, and to secure equity, truth, and justice it is imperatively necessary that the
court should hear the parties.

The trouble with the contention is that the jurisdiction of the court
in this particular instance is of purely statutory creation. It must be
found in section 4915, Rev. St. (U. S. Comp. St. 1901, p. 3392), or it
does not exist. I am satisfied that in pursuance of that statute the
only one entitled to secure a right to the patented invention at the
time of the bringing of this suit was the Coe Brass Manufacturing
Company. The present complainant had of his own accord so treated
his original right as to locate it absolutely and permanently in the possession of the Coe Brass Manufacturing Company. For this act he
can blame no one but himself. He did what he did because he deemed
such action to be for his own best interests. He cannot now whiffle
about, and, finding no support from the Coe Brass Manufacturing
Company, come to the court in the guise which he would have been
warranted in assuming if he had not dealt with the Coe Brass Manu-

facturing Company at all. He cannot trade for his cake, and, when he finds it made of ashes, calmly ignore the trade.

Let the demurrer be sustained, and bill dismissed, with costs.