ARBETTER FELLING MACH. CO. v. LEWIS BLIND STITCH MACH. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1916.)

No. 2248.

PATENTS ⊕288—SUITS—JURISDICTION—VENUE.
    Act March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, §`1, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433, gave the Circuit Courts jurisdiction concurrent with the state courts of certain suits, and provided that no civil suit should be brought against any person by any original process or proceeding in any other district than that whereof he was an inhabitant, but that, where the jurisdiction was founded only on diverse citizenship, suit should be brought in the district of the residence of either the plaintiff or the defendant. Held, that the Circuit Court had no jurisdiction of a suit under Rev. St. § 4915 (Comp. St. 1913, § 9460), brought in a district other than that whereof defendant was a citizen, though the suit was one over which the federal courts had exclusive jurisdiction.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 460–466; Dec. Dig. ⊕288.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Arthur L. Sanborn, Judge.

Suit, originally brought in the Circuit Court, by the Lewis Blind Stitch Machine Company and another against the Arbetter Felling Machine Company. Decree for complainants, and defendant appeals. Reversed, with directions.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Nathan Heard and Frederick P. Fish, both of Boston, Mass., for appellant.

Edward Rector and Geo. T. May, Jr., both of Chicago, Ill., for appellees.

Before BAKER, MACK, and ALSCHULER, Circuit Judges.

MACK, Circuit Judge. We are at the outset confronted with the question of the jurisdiction of the former Circuit Court. The sole defendant served with process pleaded in abatement to the jurisdiction that it was a corporation organized in Maine. The precise question is: Can a defendant, citizen of one state, be compelled to answer a suit brought by a citizen of another state in the Circuit (now District) Court in and for a third state to secure the issuance of a patent under section 4915 of the Revised Statutes (Comp. St. 1913, § 9460)? This involves the construction of Act March 3, 1875, c. 137, § 1, as amended by Act March 3, 1887, c. 373, § 1, corrected by Act Aug. 13, 1888, c. 866, since embodied in Judicial Code (Act March 3, 1911, c. 231) § 51, 36 Stat. 1101 (Comp. St. 1913, § 1033), and copied in the margin.[1]

In Re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, the court held that the clause limiting the venue in civil suits "against any person" to the district of which he was an inhabitant, with the exception specified in the statute, must be confined to suits against citizens of the United States; otherwise, suits could not be brought in the federal courts against, but only by, aliens. The suit involved a patent, and was, like the present case, by express statutory provision, within the exclusive jurisdiction of the federal courts. The court in its opinion stated this as a second reason for its conclusion.

While in Galveston, etc., Ry. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, decided at the same term, it was said "that both the decision and the reasoning in the Hohorst Case were carefully limited to a suit brought by a citizen against an alien," nevertheless we cannot assent to appellant's contention that the second ground of decision in Re Hohorst is a mere dictum; if these cases stood alone, we should be constrained, as other courts had felt themselves constrained, to hold that the venue provisions of the act are inapplicable to suits, such as those involving patents, in which the jurisdiction of the federal courts is exclusive, and that in such cases suit might be brought, as under the act of 1875, in any district in which the defendant is found.

But in Macon Grocery Co. v. Atlantic Coast Line R. R. Co., 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. 300, the court held the act of 1888 "inapplicable even upon the assumption that the cause of action was alone cognizable in a court of the United States, as the particular venue of the action was not provided for elsewhere than in that statute." That case did not involve a patent; it arose under the Interstate Commerce Act; exclusive jurisdiction had not been *expressly* conferred upon the federal courts in such cases. But if the act is ap-

[1] See note at end of case.

plicable in such a case, the second ground for the decision in Re Hohorst must necessarily be deemed erroneous and impliedly overruled. There can be no difference in this respect between a patent and any other case over which the federal courts have or are assumed to have exclusive jurisdiction, whether expressly or impliedly conferred upon them. That the Supreme Court assumed, without expressly deciding, that the federal jurisdiction is exclusive in that class of cases, does not in any way weaken the binding force of the decision as holding the act applicable as well in cases of exclusive as of concurrent jurisdiction.

Though the court in Thoma v. Perri (D. C.) 205 Fed. 632, expressed the view that a suit under section 4915 could be maintained in any district in which a nonresident corporation was found, jurisdiction was sustained as well on other grounds. See, too, So. Pacific Co. v. Arlington Heights Fruit Co., 191 Fed. 101, 111 C. C. A. 581, and Fraser v. Barrie (C. C.) 105 Fed. 787.

The decree must be reversed, with directions to dismiss the bill for want of jurisdiction over the person of the defendant.

NOTE.—"That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, and shall have exclusive cognizance of all crimes and offenses cognizable under the authority of the United States, except as otherwise provided by law, and concurrent jurisdiction with the District Courts of the crimes and offenses cognizable by them. [See Judicial Code, § 24 (Comp. St. 1913, § 991).]

"But no person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court;

"And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." [Judicial Code, § 51 (Comp. St. 1913, § 1033).]