### SEA GULL SPECIALTY CO. v. HUMPHREY.

### HUMPHREY v. SEA GULL SPECIALTY CO.

(Circuit Court of Appeals, Fifth Circuit.  April 28, 1917.)

No. 3030.

PATENTS ☞219(2)—LICENSES—SUIT FOR ROYALTIES—DEFENSES.

Where a contract giving a license under a patent contained no guaranty against competition by infringers, the fact of such competition, through which the licensee lost sales, is no defense to a suit by the licensor to recover the agreed royalties.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 340.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal and Cross-Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in equity by William P. Healy and the Healy Box Corporation against the Sea Gull Specialty Company. Decree for complainants, and defendant appeals, with cross-appeal by T. F. Humphrey, trustee in bankruptcy of the Healy Box Corporation. Decree modified on cross-appeal.

The following opinion was filed in the court below:

In this case defendant was using certain patented box-making machines under a license from plaintiff and owed royalties. Another concern, using an infringing machine, invaded its territory and succeeded in taking away defendant's largest customer by underbidding its prices. Defendant retained the machines, but declined to pay royalties, on the ground plaintiff was obligated to prevent competition, and the loss on sales amounted to more than the royalties due. I sustained a demurrer to the jurisdiction of the court, and while the matter was pending in the Supreme Court on appeal the parties compromised and settled all of their differences, except the question of the amount of royalties due. The judgment dismissing the bill was reversed.

The bill prayed for an injunction, for cancellation of the license and the return of the machines, and for an accounting. Those questions are now out of the case, but the question as to the royalties is before me. Had the defendants' territory been invaded by a licensee of plaintiff, or by one allowed to infringe by connivance of, or agreement with, plaintiff, a different question might be presented. The license did not guarantee defendant against loss by the competition of infringers. The subsequent correspondence did not amend the contract, or create an estoppel to claim royalties already earned. The greatest right defendant could have exercised under the circumstances was to abandon the contract after notice to plaintiff and its failure to vigorously prosecute the infringers, but that course was not adopted.

There will be a decree in favor of plaintiff for $3,786.18 and for costs.

James E. Zunts, of New Orleans, La., for appellant.

Chas. Rosen, of New Orleans, La., and Henry B. Gayley, of New York City, for appellee.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PER CURIAM. None of the assignments of error in the appeal are well taken. Cross-appellants should have their award for damages for infringement increased by the addition of an amount equal to interest at 5 per cent. from judicial demand to judgment.

The decree will be so amended, and, so amended, will be affirmed.