NACHOD & UNITED STATES SIGNAL CO., Inc., et al. v. AUTOMATIC SIGNAL CORPORATION et al.

No. 326.

Circuit Court of Appeals, Second Circuit.

July 31, 1939.

PATTERSON, Circuit Judge, dissenting.

982

Watson, Bristol, Johnson & Leavenworth, of New York City (L. A. Watson, D. A. Woodcock, and T. R. V. Fike, all of New York City, of counsel), for appellants.

J. Dwight Dana, of New Haven, Conn. (Clifton V. Edwards and D. Gordon Angus, both of New York City, of counsel), for appellee Engineering & Research Corporation.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a suit brought under U. S. Revised Statutes, § 4915, 35 U.S.C.A. § 63, to obtain the issue of letters patent. The suit arises out of two Patent Office interferences Nos. 65,227 and 70,404 in which the Board of Appeals had awarded priority of invention to Henry A. Haugh, Jr., and the Commissioner of Patents had refused a patent on the application of plaintiffs Stolp and Richterkessing. Haugh assigned his application involved in the interferences by mesne assignments to the defendant The Engineering & Research Corporation. The latter thereupon granted to Automatic Signal Corporation an exclusive license to manufacture, use and sell the devices covered by any patent that might be granted on the Haugh application. Stolp and Richterkessing assigned their applications to the plaintiff Nachod & United States Signal Company. Automatic Signal Corporation, the exclusive licensee of the Haugh application, was originally joined as a defendant but, appearing specially, succeeded in having the suit dismissed as against itself on the ground that it was not an inhabitant of the district. The defendant The Engineering & Research Corporation also succeeded in obtaining a dismissal so far as it was concerned on the ground that Automatic Signal Corporation, against which the suit had been dismissed, was an indispensable party. The sole question before us is whether Automatic Signal Corporation was such an indispensable party.

We held in Parker Rust Proof Co. v. Western Union Telegraph Company, 105 F.2d 976, decided March 6, 1939, that a defendant in the position of the Automatic Signal Corporation should be regarded as an indispensable party to a suit under Section 4915 in the absence of special circumstances which made joinder inequitable. The conclusion that the presence of the exclusive licensee was not necessary was reached because he knew of the pendency of the suit against the defendant from which he held his license, knew of the plaintiff's ignorance of his interests, and also knew that the defendants, one of them the company of which he was president, instead of promptly filing their answer and setting up the defense that the licensee was an indispensable party to the suit, were obtaining an extension of time to answer and suppressing that special defense until it was too late for the plaintiff to bring suit in the District of Columbia and to obtain jurisdiction over him there by virtue of Title 35 U.S.C.A. § 72a. In the case at bar the plaintiff knew of the exclusive license because it alleged in the bill of complaint that Automatic Signal Corporation held an exclusive license from The Engineering & Research Corporation and joined the licensee as a party. Instead of doing this, if the plaintiff had chosen to avail itself of the privilege granted by Title 35 U.S.C.A. § 72a, it could have sued in the District of Columbia and have obtained jurisdiction over both the inventor and the licensee before the six months' statute of limitations created by Section 4915 had run. But it neglected to take advantage of Title 35 U.S.C.A. § 72a which was enacted in 1927 (Chapter 364, 44 Stat.1934) to give relief in situations like the present and now finds itself without remedy under Section 4915.

▪ A hardship may arise in a case where a plaintiff suing under Section 4915 does not know of the existence of an exclusive license and therefore makes only the inventor a party-defendant for, as a result,

his bill may be dismissed after it is too late to bring suit in the District of Columbia. Such a hardship might ordinarily have been avoided if Congress had required exclusive licensees to record their licenses as a condition of being treated as indispensable parties in suits under Revised Statutes Section 4915. But the law imposes no such requirement upon an exclusive licensee in order that he may possess complete rights against any person under his license. Nevertheless, a way would seem to be open whereby a plaintiff may avoid having his suit under Section 4915 dismissed for failure to obtain jurisdiction over the exclusive licensee within six months after the refusal of a patent by the Commissioner of Patents. He may sue in the district wherein the person who has been held to be the prior inventor resides and promptly examine the latter under Subdivision V, rule 26 et seq., of the new Rules of Civil Procedure for the District Courts of the United States, 28 U.S. C.A. following section 723c, and ascertain whether the interfering applicant or patentee has granted an exclusive license to any one. Upon discovery that an exclusive license is outstanding, he may either bring the licensee into the pending suit, if the latter is an inhabitant of the district or consents to appear therein, or he may start a new suit in the District of Columbia. While it is true that this would probably require prompt initial action and a vigorous conduct of the litigation by the plaintiff yet such a course of procedure would completely safeguard the plaintiff's right to obtain a patent under Section 4915, if he was entitled to one.

It is, however, strenuously maintained on behalf of the plaintiffs that an exclusive licensee is not an indispensable party to a suit under Revised Statutes Section 4915. The contention is based on the arguments we rejected in Parker Rust Proof Co. v. Western Union Telegraph Company and we do not find it persuasive in the present case. The rights of an exclusive licensee are often far more extensive than those remaining in the inventor. To be sure, if the owner is not a party to a suit under Section 4915, though the exclusive licensee is, the suit cannot proceed. Armstrong v. De Forest, 2 Cir., 13 F.2d 438. Likewise an exclusive licensee cannot bring a proceeding for injunction or damages for infringement in his own name without joining the owner. Waterman v. Macken-zie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923; Independent Wireless Tel. Co. v. Radio Corporation of America, 269 U.S. 459, 466, 467, 46 S.Ct. 166, 70 L.Ed. 357. But none of these holdings negatives our conclusion that an exclusive licensee is an indispensable party. Section 4915 of the Revised Statutes requires "notice to adverse parties." An exclusive licensee who has sufficient interest in the patent to compel an infringement suit (though nominally in the name of the patentee), Independent Wireless Tel. Co. v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357, should be regarded as coming within this definition.

For the contrary view, that an exclusive licensee is not a necessary party to a suit under Section 4915, reliance has been placed upon certain lower court decisions holding or asserting that an exclusive licensee is not an indispensable party-plaintiff in a suit for infringement brought by the patentee. Bowers v. Atlantic, Gulf & Pacific Co., C.C., 162 F. 895, 901; Comptograph Co. v. Universal Accountant Mach. Co., C.C., 142 F. 539, 545; Frankfort Whisky Process Co. v. Pepper, C.C., 26 F. 336; Nellis v. Pennock Mfg. Co., C.C., 13 F. 451, 455. Compare, also, D. M. Sechler Carriage Co. v. Deere & Mansur Co., 7 Cir., 113 F. 285. It is to be noted, however, that Taft, C. J., said in Independent Wireless Tel. Co. v. Radio Corporation of America, 269 U.S. 459, at page 466, 46 S.Ct. 166, at page 168, 70 L. Ed. 357, that "both the owner and the exclusive licensee are generally necessary parties in the action in equity". If it be thought that the effect of the decisions just referred to has been to treat an exclusive licensee as a party not indispensable in an infringement suit they nevertheless do not show that such licensee is not an indispensable party to a suit in equity under Section 4915. So far as they may be thought to hold that exclusive licensees, while generally necessary parties in infringement suits, are not in all cases indispensable the rule they lay down seems to be derived from the provisions of U. S. Revised Statutes, § 4919, 35 U.S.C.A. § 67, which allows a recovery of damages at law "in the name of the party interested, either as patentee, assignee, or grantee". The case at bar involves a different situation because of the express requirement of Section 4915 that notice must be given to "adverse parties."

It has been suggested that the owner of the title to an interfering patent or patent application is a trustee for his exclusive licensee and represents the latter in defending his interests in a suit under Section 4915, and it is argued that for this reason the licensee is not an indispensable party. The suggestion is based upon statements in certain decisions to the effect that the owner of the patent holds the title in trust for his exclusive licensee to the extent that he.must allow the use of his name as plaintiff in an infringement suit. But in the absence of an express covenant, a patentee seems to be under no duty to sue infringers for the benefit of the licensee. Sea Gull Specialty Co. v. Humphrey, 5 Cir., 242 F. 271; Wilfley v. New Standard Concentrator Co., 9 Cir., 164 F. 421, 424. It is for this reason that the licensee may use the patentee's name in an infringement suit when the patentee is unwilling to institute one himself. Independent Wireless Tel. Co. v. Radio Corporation of America, 269 U.S. 459, at page 469, 46 S.Ct. 166, 70 L.Ed. 357. There appears to be no more reason for requiring the patentee to defend a suit under Section 4915 on behalf of the licensee than for requiring him to institute one on behalf of the latter for infringement. The absence of such an affirmative duty is incompatible with the trust relation suggested. Indeed, the compulsory use of a patentee's name by his licensee in an infringement suit is but a fiction which shows that the real party is the licensee. The patent owner in such cases is little more than a phantom litigant.

We think that an exclusive licensee is an indispensable party because he is an adverse party within the meaning of Section 4915 and that any hardship which may arise by reason of licenses that are outstanding without the knowledge of a plaintiff may be obviated by the means we have already indicated.

For the foregoing reasons the decree is affirmed.

PATTERSON, Circuit Judge, dissenting.

I am of opinion that in a suit to obtain a patent under section 4915 of the Revised Statutes, 35 U.S.C. § 63, 35 U.S.C.A. § 63, an exclusive licensee under an adverse patent or application for patent is not an indispensable party defendant. Some of the reasoning in Parker Rust

Proof Co. v. Western Union Tel. Co., 2 Cir., 105 F.2d 976, decided here March 6, 1939, is the other way, but in my opinion the reasoning as to this point should not be followed.

Section 4915 provides that when an application for patent has been denied by the Patent Office, the applicant may have remedy by bill in equity .to obtain a patent, "on notice to adverse parties", the bill to be brought within six months after denial. For years it has been the practice for an applicant who has been defeated in interference proceedings in the Patent Office to bring suit under this statute, making the person who won the interference proceeding or his assignee the party defendant. See Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657. Prior to the Parker Rust Proof Co. case it had not been suggested that an exclusive licensee under the adverse patent must also be joined as a defendant. The suit is ordinarily brought in the district whereof the owner of the prevailing application is an inhabitant, the general venue provision embodied in section 51 of the Judicial Code, 28 U.S.C. § 112, 28 U.S.C.A. § 112, applying to such a case. Arbetter Felling Mach. Co. v. Lewis Blind Stitch Mach. Co., 7 Cir., 230 F. 992. By the Act of March 3, 1927, 35 U.S.C. § 72a, 35 U.S.C.A. § 72a, Congress provided that suit under section 4915 might also be brought in the District of Columbia where there were several adverse parties residing in different districts.

Who are the "adverse parties" referred to in the section? The present owners of the conflicting patent, whether original applicants or later assignees, are manifestly indispensable defendants. Armstrong v. De Forest, 2 Cir., 13 F.2d 438; Hazeltine Corporation v. White, 2 Cir., 68 F.2d 715. They will lose their patent if the plaintiff wins his. On the other hand, no one would say, I take it, that ordinary licensees under the adverse patent are indispensable. An ordinary licensee has nothing but an immunity against claim of infringement by the owner. He has no title of any sort in the patent. United States v. General Electric Co., 272 U.S. 476, 489, 47 S.Ct. 192, 71 L.Ed. 362; General Talking Pictures Corp. v. Western Electric Co., 304 U.S. 175, 181, 58 S.Ct. 849, 82 L.Ed. 1273.

An exclusive licensee has like immunity from claim of infringement by the owner. By the license he acquires "the right not

to be sued." Keystone Type Foundry v. Fastpress Co., 2 Cir., 272 F. 242, 245. He also has the owner's covenant not to grant similar immunity to others. As a general proposition he has no property interest in the patent. In infringement he may not sue strangers in his own right. Gayler v. Wilder, 10 How. 477, 13 L.Ed. 504; Birdsell v. Shaliol, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed. 768; E. W. Bliss Co. v. United States, 253 U.S. 187, 40 S.Ct. 455, 64 L.Ed. 852. He is allowed in his own name to sue the owner of the patent for infringement, "to prevent an absolute failure of justice", Waterman v. Mackenzie, 138 U.S. 252, 255, 11 S.Ct. 334, 335, 34 L.Ed. 923; and he may also use the owner's name with or without consent in a suit for infringement against strangers, on the theory that the owner holds the patent in trust for the exclusive licensee to the extent that he must permit use of his name for following up infringers. Independent Wireless Tel. Co. v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357. The fact remains, however, that an exclusive licensee has no property right in the patent, save for this limited equitable interest. Waterman v. Mackenzie, supra. In line with these authorities, it is settled that an exclusive licensee, while a proper party, is not an indispensable party plaintiff in a suit in equity for infringement brought by the owner of the patent. Hussey v. Whitely, C.C., Fed.Cas. No. 6,950; Nellis v. Pennock Mfg. Co., C.C., 13 F. 451; Frankfort Whisky Process Co. v. Pepper, C.C., 26 F. 336; Comptograph Co. v. Universal Accountant Mach. Co., C.C., 142 F. 539; Bowers v. Atlantic, Gulf & Pacific Co., C.C., 162 F. 895. These cases, while they are suits for infringement under section 4921, 35 U.S.C. § 70, 35 U.S.C.A. § 70, rather than suits under section 4915 to obtain a patent, seem to me determinative of the present case, because they make it clear that the validity of the patent involved in the suit may be determined without the presence of exclusive licensees. It follows, I think, that exclusive licensees under a conflicting patent have not such an interest in the patent as to make them indispensable defendants in a suit to obtain a patent under section 4915.

There is additional ground for this conclusion. Section 4915 gives the remedy to the defeated "applicant". The word "applicant" doubtless refers to the assignee in cases where the alleged inventor has assigned his application for patent. Gay v. Cornell, C.C., Fed.Cas. No. 5,280; Becker v. General Chain Co., 1 Cir., 273 F. 419. But persons who hold prospective license rights, exclusive or non-exclusive under the defeated application are certainly not "applicants" for a patent, and the statute does not contemplate that they initiate the suit or be joined with the applicant as parties plaintiff. Smith v. Thompson, C.C., 177 F. 721. This being the situation on the plaintiff's side, there is no reason to believe that the "adverse parties" referred to in the statute embrace a larger class and include persons who have mere licenses under the prevailing application.

In the Parker Rust Proof Co. case it is said that a decree will necessarily affect the exclusive licensee's rights under the conflicting patent, and that hence the exclusive licensee is an indispensable defendant under Shields v. Barrow, 17 How. 130, 15 L.Ed. 158. That argument proves too much, for if it is sound ordinary licensees would also be indispensable parties defendant. But the answer is that in the suit the licensee, having at most an equitable interest, is represented by the owner of the patent. Where a stranger sues to oust a trustee from the trust estate, the interest of a beneficiary is represented by the trustee, and in such cases the beneficiary is not a necessary party. Vetterlein v. Barnes, 124 U.S. 169, 8 S.Ct. 441, 31 L.Ed. 400; Kerrison v. Stewart, 93 U.S. 155, 23 L.Ed. 843; Beals v. Illinois, M. & T. R. Co., 133 U.S. 290, 10 S.Ct. 314, 33 L. Ed. 608; Jackson v. Tallmadge, 246 N.Y. 133, 158 N.E. 48. It is also urged that the rights of a licensee are frequently of more value than the interest of the owner of the patent. In Armstrong v. De Forest, supra, Judge Hough held that comparative values played no part in determining who were necessary parties in a suit like the present one. I think he was right.

In practice the rule laid down by the majority will result in frustration of the remedy given by Congress in section 4915. Recording of licenses is not required. They may be created by oral agreement or even by conduct. There may be dozens of hidden exclusive licenses under a single patent, for different territories and for different uses. If the exclusive licensees are necessary parties, a suit to obtain a patent, brought against the owner of the

interfering patent in the district of his residence, will be thrown out when exclusive licenses held by residents of other districts are uncovered; and it may then be too late for the plaintiff to go to the District of Columbia. In the present case the plaintiffs are sent away without trial on the merits and without a chance of redress elsewhere, by a concerted maneuver on the part of the owner of the patent and the licensee, who had the suit dismissed as to the licensee on the point of venue, and then succeeded in having it dismissed as to the owner because the licensee, said to be an indispensable party, was not longer present. In my opinion the suit was maintainable against the owner alone, and the decree of dismissal as to that defendant should be reversed.