## DEES *v.* KINGMAN.

[80 South. 528, Division B.]

1. TAXATION. *Land subject to taxation. State land.*
   Lands conveyed to the state, under Act of Congress, approved September 28, 1850 (9 Stat. 519, c. 84), as swamp and overflow land, became the property of the state and as such were not subject to taxation.

2. ADVERSE POSSESSION. *Doctrine of lost grant. Applicability.*
   The doctrine of lost grant cannot be invoked where the defendant does not plead a grant from the state to any particular indi-

vidual and does not show that prior to the tax sales relied upon by him, any individual was in possession claiming title from the state, or that the land was ever the subject of private ownership, and therefore subject to taxation until conveyed to plaintiff's predecessor.

3. TAXATION. *Tax title. Invalidity. Refund.*
   Where after lands had become subject to taxation, the defendant claiming under an invalid title paid the taxes, on the lands in dispute he should be reimbursed for such payments.

APPEAL from the chancery court of Sunflower county. HON. E. N. THOMAS, Chancellor.

Suit by A. Dees against Mrs. Carrie Kingman in which defendant made her answer a cross-bill. From a decree for defendant, plaintiff appeals.

The facts are fully stated n the opinion of the court.

*George Butler* and *J. H. Price,* for appellant.

*Chapman & Johnson,* for appellee.

STEVENS, J., delivered the opinion of the court.

Appellant sued in equity to confirm his title to the east half of the northeast quarter of section 20, township 18 north, range 3 west, in Sunflower county, and to cancel appellee's claim or alleged title. Appellant deraigned title as follows: United States to the state of Mississippi under the act of Congress approved September 28, 1850 (9 Stat. 519, chapter 84), conveying the swamp and overflowed lands; by patent from the state of Mississippi to Mrs. May Price, April 27, 1914; by deed from Mrs. Price to complainant on May 23, 1917. The defendant answered, and made her answer a cross-bill. She admitted that the land was donated swamp and overflowed lands under the act of Congress mentioned, but denied that the state patented the land to Mrs. May Price, and denied that defendant had any title. In her cross-bill she deraigned title and offered instruments in support of her claim as follows: Deed from J. E. Johnson, sheriff, to the board of liquidating

levee commissioners, May 11, 1870; deed from S. Gwin, auditor, and William L. Hemingway, treasurer, *ex officio* liquidating levee commissioners, and commissioners of the chancery court of Hinds county, to Eugene C. Gordon, October 3, 1881; deed from Eugene C. Gordon to Byron H. Evers, November 25, 1881; tax collector's deed from S. L. Richardson, sheriff and tax collector, to the state, March 6, 1883; tax sale by C. H. McLeod, sheriff and tax collector, to the state, March 1, 1886; deed from Byron H. Evers and others to Delta & Pine Land Company, November 13, 1886; deed from W. W. Stone, auditor, to the Delta & Pine Land Company, July 6, 1888, and from the Delta & Pine Land Company, by mesne conveyances, to the defendant and cross-complainant. Cross-complainant plead and relied upon various statutes of limitation, and claimed title by ten years' adverse possession.

Upon the trial of the case certain testimony was taken in reference to adverse possession. It appears that the United States government did not issue its patent to the state until August 15, 1895. There was a final decree in favor of the defendant and cross-complainant, dismisssing the complainant's original bill and confirming the title of appellee. From this decree an appeal is prosecuted.

While there are various assignments of error, the point mainly relied upon is the contention that the lands involved in this suit belonged to the state of Mississippi until the patent was issued to Mrs. May Price in 1914, that, while owned by the state, they were swamp and overflowed lands and never subject to taxation, and the various tax sales relied upon by appellee were and are void, and that no title by adverse possession is shown: First, because the evidence is insufficient; and, secondly, because this statute of limitations did not run against the state.

It is conceded that the land here the subject of litigation passed to the state of Mississippi under the

act of 1850, and thereby became the property of the state. As state lands they were not subject to taxation, and there is no adequate showing that the state ever parted with title until 1914, when a patent was issued to Mrs. May Price. There is positive testimony from the deputy land commissioner that the records of the land office show no patent by the state prior to the patent under which appellant claims.

Appellee invokes the doctrine of a lost grant, citing the general law on this subject; and *Caruth* v. *Gillespie et al.,* 109 Miss. 679, 68 So. 927. Appellee did not plead a grant from the state to any particular individual, and did not show by any kind of evidence that prior to the tax sales relied upon any particular individual was in possession of the lands, claiming title thereto from the state, and fails to show that the lands were ever the subject of private ownership, and therefore of taxation, until conveyed to Mrs. Price.

If the evidence is at all sufficient ordinarily to make out a case of adverse possession, the acts of possession relied upon occurred since 1890, and at a time when admittedly statutes of limitation did not run against the state, and for this reason we think title was not conferred upon appellee by adverse possession.

It is a prominent fact in this case, and undisputed, that the United States did not execute a patent to the state until 1895, and the application of the statute of limitations is controlled by the previous announcement of this court in *Willoughby* v. *Caston,* 111 Miss. 688, 72 So. 129. Of course, if a grant had been shown from the state after the approval of the act of 1850, and prior to the issuance of a patent by the United States, a different question might be presented. We are asked here to indulge a general presumption that the state at some time prior to one or more of the tax sales relied upon had granted the premises to some individual unknown to the parties, and not at all identified by this record. It was not shown that the lands were ever in

actual cultivation, or that they were in the actual possession of any one at the time that either of the tax sales was made. At the time these sales were made the lands were wild and uncultivated. It is no proper case for the application of the well-known and sound doctrine of the presumption of a lost grant. The real questions presented are ruled by previous decisions of this court and by conclusions announced and more than once reaffirmed settling the proposition conclusively that swamp and overflowed lands in the hands of the state were never the subject of taxation. *Howell* v. *Miller,* 88 Miss. 655, 42 So. 129; *Edwards* v. *Butler,* 89 Miss. 179, 42 So. 381; *Creegan* v. *Hyman,* 93 Miss. 481, 46 So. 952; *Leavenworth* v. *Reeves,* 106 Miss. 722, 64 So. 660; *Hewling* v. *Blake,* 110 Miss. 225, 70 So. 247.

Appellee's alleged title is not helped or cured by any of the various statutes of limitation relied upon. *Creegan* v. *Hyman, Leavenworth* v. *Reeves,* and *Hewling* v. *Blake, supra.*

It is averred in the answer and cross-bill that appellee had made valuable improvements and paid taxes upon the lands, and she claims the value of these improvements and lien upon the land for the amount of taxes paid. We decide nothing as to the right of cross-complainant to be reimbursed for improvements, but since the issuance of a patent to Mrs. May Price the lands became subject to taxation, and any taxes paid by appellee since that date should be refunded, and on account of this claim for improvements and taxes paid, this cause upon reversal should be remanded in order that the chancellor may pass upon these claims. It follows that the decree of the learned chancellor must be reversed, and that decree should be entered here canceling the title of appellee. As to appellee's claim for improvements and taxes, the case will be remanded for further proceedings.

*Reversed and remanded*