THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS
February 6, 1939



Gerald C. Mann
~~BRIGHTBANLEY~~
ATTORNEY GENERAL

Hon. James W. Swarts
County Attorney
Van Horn, Texas

Dear Sir:

Opinion No. O-265
Re: Land purchased by State at tax sale

This office is in receipt of your letter of January 30, 1939, wherein you advise that in 1933 the State bought certain land sold under foreclosure for delinquent taxes. Period of redemption has expired and the land was not redeemed.

Sale of the land by the State is contemplated, and you ask (1) whether the purchaser will take the land free of taxes accrued prior to the foreclosure sale, and (2) whether such purchaser will take the land free of taxes assessed since the purchase by the State.

Article 7329, Revised Civil Statutes, reads:

"All lands or lots which have been returned delinquent or reported sold to the State, or to any city or town, for taxes due thereon since the first day of January, 1885, or which may hereafter be returned delinquent or reported sold to the State, or to any city or town, shall be subject to the provisions of this chapter, and said taxes shall remain a lien upon said land, although the owner be unknown, or though it be listed in the name of a person not the actual owner; and though the ownership be changed, the land may be sold under the judgment of the court for all taxes, interest, penalty and cost shown to be due by such assessment for any preceding year."

In Traylor vs. State, 46 S.W. 81, (error denied), land was sold to the State for taxes for the years 1892, 1893 and 1894. A subsequent suit by the State for the same taxes and for foreclosure on the same land was allowed by the court, on strength of said statute.

In the case of Teague vs. State, 56 S.W. 262 (affirmed 57 S.W. 34, affirmed 184 U.S. 156), certain land had been sold to the State for taxes for 1884. Subsequently the State sued to foreclose on the land for the years 1884 to 1888, and for 1896. The court held that the State could and thereby did waive its rights under the deed for the 1884 taxes, and allowed recovery of the taxes sued for, with interest. It might be mentioned that when the suit was brought the period of redemption from the previous sale had not expired.

In State vs. Liles, 212 S.W. 517, it was held that taxes for prior years were disposed of upon sale for taxes for a given year, but that case is not applicable here for two reasons: (1) The land in that case was sold to an individual, and not to the State so as to fall within Article 7320; and (2) an amendment to Article 7326, in 1923, formed the basis of the opinion of Judge Nickels of the Commission of Appeals in State Mortgage Corporation vs. State, 17 S.W. (2d) 801, to hold contrary to State vs. Liles, and decree that although the land should be sold to an individual on a tax sale, the State could thereafter maintain foreclosure actions for taxes which had accrued prior to the taxes for which the first action was brought and the sale made.

Our answer to your first question is that the purchaser of this land will not take title free of taxes accruing prior to 1933.

The State, not choosing to waive its deed, as was done in Teague vs. State, supra, but to stand upon the same, and the State's title thereto having become ripe through expiration of the period of redemption, the lands were not assessable for taxes for years subsequent to the purchase by the State. 61 C.J. 1232, Sec. 1674. In the absence of an express intent to do so, the State may not tax its own land. 61 C.J. 366-7; Brinneman vs. Scholens, 128 S.W. 584(Ark.); Menger vs. Douglas County, 29 P. 588 (Kan.); Penick vs. Floyd Willis Cotton Co., 81 So. 540 (miss.); Ortman vs. Kittitas County, 177 P. 721 (Wash.). While the State has made constitutional provisions whereby certain taxes may be levied upon University land (Art. 7, Sec. 16 (a) ) and county school lands (Art. 7, Sec. 6 (a) ), no such provision permits the taxation of the land in question while belonging to the State.

Answering your second question, we beg to advise that a sale under Article 7328 will convey title free of taxes accruing since the State's purchase of the land.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Assistant

GRL:FG:jrb

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS