### WRIGHT et al. v. PITTS et al.
### No. 5848.

Court of Appeals of the District of Columbia.
Argued May 1, 1933.
Decided June 5, 1933.

198

W. Gwynn Gardiner, of Washington, D. C., for appellant Wright.

Joseph T. Sherier, of Washington, D. C., for appellant Henry.

Frederic D. McKenney, John S. Flannery, G. Bowdoin Craighill, E. F. Colladay, and Joseph C. McGarraghy, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree confirming a foreclosure sale of certain premises by a trustee in execution of a deed of trust.

It appears from the record that on July 6, 1927, the Rochester Corporation conveyed the property known as the Hamilton Hotel, located at the northeast corner of Fourteenth and K Streets Northwest, in the District of Columbia, to the Southern Maryland Trust Company, as trustee, to secure an issue of $1,550,000 first mortgage bonds, which were the obligations of the corporation. The deed of trust contained a provision that, in the event any trustee thereunder should refuse to act, resign, or be removed, or otherwise become incapable of acting when and while the services of a trustee should be required under any provisions of the deed, G. Bryan Pitts should be and thereby was appointed successor trustee in the trust. A similar provision followed, naming Samuel J. Henry, as second successor trustee in the event of sickness, death, resignation, refusal, disqualification, or other inability or incapacity of G. Bryan Pitts to act as trustee, while his services were required under any provision of the trust deed. It is also provided in the deed of trust that at any time when any trustee or successor in trust shall refuse to act, resign, or be removed, or otherwise become incapable of acting then, except as herein above otherwise provided, a successor may be appointed by the holders of a majority in amount of the bonds then outstanding by an instrument signed by such bondholders and duly recorded. But, in case no such appointment shall be made by the bondholders within ten days after the occasion for such an appointment has arisen, a new trustee may at any time thereafter be selected and appointed by any court of competent jurisdiction in the premises, upon the application of the company or of the holder of any of said bonds and upon such notice as such court shall direct or as shall be in accordance with the rules and practice of such court. The deed of trust contained a further provision that the recital by any successor in trust in any instrument executed by him in his official capacity of the disqualification or inability to act of the preceding trustee should be sufficient evidence thereof when recorded in the office where the deed of trust is recorded.

On December 10, 1928, the Rochester Corporation transferred the Hamilton Hotel property to a corporation known as the Hamilton Hotel, Inc., which on the same day conveyed it to Properties Investment Corporation. Thereupon Properties Investment Corporation executed a general mortgage, subject to the first deed of trust securing an issue of $1,250,000 of general mortgage bonds. The last-named bonds were immediately pledged to the Columbia Trustee & Registrar Corporation, trustee, as part of the collateral securing an issue of $1,050,000 of collateral trust bonds.

On December 13, 1929, a receiver was appointed for the Southern Maryland Trust Company by the circuit court of Prince Georges county, Md. The company's doors were closed, and it transacted no business from December 13, 1929, to March 26, 1930. On the latter date another corporation was

organized under a slightly different name, as a reorganization of the former company.

On March 22, 1930, G. Bryan Pitts, who was named as first successor trustee by the deed of trust, executed an instrument in which he recited the inability of the Southern Maryland Trust Company to act as trustee under the deed of trust securing the first mortgage on the Hamilton Hotel, and this instrument was recorded on April 1, 1930, in the office of the recorder of deeds of the District of Columbia. Pitts thereby became the trustee as successor to the Southern Maryland Trust Company.

On May 8, 1930, the Properties Investment Corporation, holder of the title to the Hamilton Hotel property by deed of the Rochester Corporation, filed a bill in equity in the Supreme Court of the District of Columbia, being equity cause No. 51379, naming as defendants the F. H. Smith Company, G. Bryan Pitts, and Columbia Trustee & Registrar Corporation, trustees, and seeking the appointment of new trustees under each instrument.

On June 2, 1930, another suit, equity cause No. 51483, was filed in the same court by a bondholders' protective committee, named the Miller Committee. The purpose of this suit, among others, was to obtain the appointment of a new trustee under the deed of trust and a receiver for the Hamilton Hotel property. In this suit Samuel J. Henry was also named as a defendant, and was personally served with notice. On June 18, 1930, while these suits were pending, G. Bryan Pitts filed an instrument among the land records of the District of Columbia in which he undertook to resign as successor trustee under the deed of trust. The two cases, to wit, Nos. 51379 and 51483, were heard together by the lower court in June, 1930. By permission of court the Roosevelt Committee, one of the appellees herein, intervened as a party defendant in No. 51483, and opposed the appointment of a receiver, but urged instead the appointment of a new trustee under the deed of trust in the place of Pitts.

On June 28, 1930, in cause No. 51483, the lower court held that the appointment of a new trustee, whose competency, impartiality, and integrity should be beyond question, would make it unnecessary and inadvisable to appoint a receiver. Thereupon, on July 7, 1930, in cause No. 51379, the court appointed the American Security & Trust Company, hereinafter called the trust company, as substituted trustee and registrar under the deed of trust in place of G. Bryan Pitts; and

in cause No. 51483 the court denied the application for the appointment of a receiver. The first of these two orders is the one which appellants now claim to be void and to have vested no title in the trust company as trustee. The trust company formally accepted the trust and shortly thereafter began to perform the duties of trustee with reference to the affairs of the company. Owing to defaults under the deed of trust, the trust company, as substituted trustee, took over the actual management of the Hamilton Hotel property and continued to operate the same under the provisions of the deed of trust.

On or about January 22, 1932, the Roosevelt Committee, which was at that time the holder of $1,051,700 in principal amount of the bonds secured by the first deed of trust, served written notice upon the trust company to cause the property to be sold at public auction. This request was made pursuant to section 1 of article 7 of the deed of trust, which provided that, in the event of default in the payment of principal and interest, the trustee, upon the written request of the holders of not less than 25 per centum of the bonds secured by the deed of trust, shall cause the property to be sold at public auction in the District of Columbia, having first given notice of the time, place, and terms of such sale by publication three times each week in two daily newspapers published in the District of Columbia, for at least two successive weeks next prior to such sale. At the time of this request the property was in default in the total sum of $223,625.

Thereupon the trust company, after giving notice in conformity with the foregoing requirement, offered the property for sale at public auction on March 1, 1932, and sold the same to the Hamilton Hotel, Inc., for $529,000, which was the highest bid received.

On the morning of that day appellant Wright, who was the owner of one of the first mortgage bonds in the principal sum of $500, gave notice to the trust company that he would file a motion with the court to be heard at 2 o'clock on that afternoon to obtain an order restraining the sale. The court, however, after hearing argument on the motion, denied it, and the sale was held as advertised.

On March 1, 1932, appellant Wright filed his present bill of complaint in suit No. 54076, in the lower court, against the appellees above named, wherein he prayed that the order of July 7, 1930, theretofore entered by the court in suit No. 51379, appointing the American Security & Trust Company as sub-

stituted trustee, be declared illegal and void, and that the sale of the property by the trust company on March 1, 1932, be set aside. On April 11, 1932, the appellant Samuel J. Henry filed an answer by leave in this cause in which he asserted that, upon the resignation of Pitts as trustee, he (Henry) became ipso facto the successor trustee under the terms of the deed of trust. He averred that he was not a party in the case wherein the American Security & Trust Company was appointed trustee and had no opportunity to answer the same. He prayed the court to vacate the order and permit him to make sale of the property under direction of the court and to allow him reasonable compensation for his services as trustee.

It is claimed by the appellants that the order of July 7, 1930, appointing the American Security & Trust Company as trustee, was void. This claim is based upon the contention that, according to the deed of trust, appellant Henry became ipso facto the trustee in succession to Pitts, and that the court was without authority to deny him the right to act as such.

We cannot sustain this contention. Upon the removal of Pitts as trustee, the court had before it the supposed right of Henry to succeed him as trustee, and also the rights and interests of the bondholders in the premises. It appears that Pitts was chairman of the board of directors of the F. H. Smith Company of Washington and that Henry was president of that company and was also the president of the Southern Maryland Trust Company. An intimate association accordingly plainly existed between them. At the time of the entry of the order appointing the trust company, Pitts was an inmate of the district jail and Henry was awaiting trial upon indictments charging fraud in the use of the mails and conspiracy and alleged embezzlement. Under these circumstances, the court in the exercise of reasonable discretion for the care of the property involved in the case and the rights and interests of the bondholders who were the virtual owners thereof was in duty bound to make such appointment as it deemed to the best interests of the parties concerned. Henry was not the owner of any part of the mortgage bonds in question, nor did he have any interest whatever in the property involved in the case. His interest was limited entirely to the compensation which he might expect in case he became the trustee to sell the property under the mortgage. Up to the time of the appointment of the trust company as trustee, Henry had performed no such service, nor any service whatever in connection with the property or trust. Under the circumstances, the court in accordance with the terms of the deed of trust possessed the authority to appoint a new trustee to carry out its terms.

Similar authority is granted by section 538, D. C. Code 1901, as amended by Act June 30, 1902, 32 Stat. 532 (D. C. Code 1929, T. 25, § 204) which reads as follows:

Sec. 538. *Appointment of new trustee.*— "In case of the refusal of any trustee named in a deed of trust to secure a debt to accept the trusts thereby created, or of his resignation of said trust after accepting the same, which is hereby allowed, or of his removal from the District of Columbia, or of his inability to act, or for any other good cause shown, it shall be lawful for any party interested in the execution of such trusts to apply to said court by petition, setting forth the appropriate facts and asking for the appointment of a new trustee in his place, and a like proceeding shall be had for the appointment of such trustee as in the case of the death of a trustee, as directed in sections 201 and 209 [five hundred and thirty-four and five hundred and thirty-seven] of this title: Provided, That any rule to show cause issued in such case shall be served upon the existing trustee, as provided in said sections."

The importance of such authority is manifest. It was said by this court in Marshall v. Kraak, 23 App. D. C. 129:

"Courts of equity have from time immemorial recognized that the estate of the trustee is a naked legal title without any beneficial interest whatever, further than the compensation provided for the execution of the trust, consideration of which is not allowed to enter into the question of the extent of the estate conveyed, and they have always held the legal title in strict subordination to the beneficial interest of the debtor and creditor in the transaction. They have never hesitated to remove trustees, to devest them of their legal title, and to vest such title in other persons, whenever the beneficial interest required it; and it has never been supposed that by so doing they interfered with vested rights or impaired the obligation of contracts."

Moreover Henry, at the time of the appointment of the trust company, knew of the order and made no objection to it. It is said that he was not a party in suit No. 51,379 wherein the order was entered, but he was a party in suit No. 51,483, which was heard and decided together with the former case. The record discloses no objection upon his

part to the appointment of the trust company until March 1, 1932, the day upon which the sale was made. We regard this as laches upon his part.

It is claimed by appellants that the bondholders should have been made defendants in suit No. 51,379, whereas they were not personally notified. This claim cannot be sustained. In article 8, § 6, of the deed of trust, it is provided as follows:

"It is covenanted and agreed that in all actions, suits, or proceedings, or dealings or transactions in any way affecting or relating to this deed of trust, or the premises or to the property covered by the lien of this deed of trust, or any part thereof, or the title thereto, the trustees shall be deemed the representative of the bondholders, and in no case shall it be necessary to notify any bondholder or to make any bondholder a party to any action, suit, or proceeding for the purpose of binding or concluding him."

This provision is consistent with the law as established by numerous cases. Shaw v. Little Rock & Ft. S. Railroad Co., 100 U. S. 605, 611, 25 L. Ed. 757; Beals v. Illinois, Missouri & Texas R. Co., 133 U. S. 290, 10 S. Ct. 314, 33 L. Ed. 608; Palmer v. Bankers' Trust Co., 12 F.(2d) 747 (C. C. A. 8th).

It is contended by appellants that the Southern Maryland Trust Company should have been named as a defendant in suit No. 51379. It is manifest, however, that this company had before the beginning of the case become insolvent and ceased to do business and was no longer acting or seeking to act under the deed of trust. Moreover, the corporation which succeeded to this company after its reorganization has filed an answer in the present case expressly stating that it does not claim any right to act as trustee under the deed of trust.

It is also contended by appellants that the record does not disclose that there was any act required of the trustee at the time of the appointment of the trust company as trustee. A reading of the deed of trust discloses that the trustee was charged with duties which required continuous attention, and that the interests of the owners and bondholders required that the office should not at any time be left vacant.

Appellants also contend that the property was sold at the public auction for an unconscionable price and that it was inequitable to confirm the sale. This contention cannot be sustained. The trustee obeyed the terms of the deed of trust in the matter of advertising the property for sale and the sale was made pursuant to the notice. There is no charge of fraud in relation to the transaction. It is true that the times are unpropitious for making such sales, but such questions are committed largely to the discretion of the trial court, and the record does not disclose in the present case that this discretion was abused.

It may be added, in the language of the Supreme Court in Shaw v. Little Rock & Ft. 'S. Railroad Company, supra:

"To allow a small minority of bondholders, representing a comparatively insignificant amount of the mortgage debt, in the absence of any pretense even of fraud or unfairness, to defeat the wishes of such an overwhelming majority of those associated with them in the benefits of their common security, would be to ignore entirely the relation which bondholders, secured by a railroad mortgage, bear to each other."

In our opinion, therefore, the decree of the lower court should be, and it hereby is, affirmed, with costs.